# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gabriel Benito Robert Hernandez, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Turnpike Commission | : | |
| and Pennsylvania Department of | : | |
| Transportation, | : | No. 353 M.D. 2025 |
| Respondents | : | Submitted: June 16, 2026 |

BEFORE:　　HONORABLE RENÉE COHN JUBELIRER, President Judge
　　　　　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　　HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON　　　　　　　　　　FILED: August 12, 2026

Before the Court in our original jurisdiction are the Preliminary Objections filed by the Pennsylvania Turnpike Commission (Commission) and the Pennsylvania Department of Transportation (DOT) (collectively, Respondents) to the Amended Petition for Review In Equity (Amended PFR) filed *pro se* by Gabriel Benito Robert Hernandez (Hernandez).  Upon review, we determine that this Court lacks jurisdiction and dismiss the Amended PFR with prejudice.

## I. Background

Section 1380 of the Vehicle Code discusses the suspension of vehicle registrations based on unpaid tolls and provides, in pertinent part:

**(a) General rule.—**

(1) The [D]epartment shall suspend the registration of a vehicle upon notification from a tolling entity that the owner or registrant of the vehicle has either:

(i) failed to pay or defaulted in the payment of four or more invoices issued under 74 Pa.C.S. § 8116(a) (relating to collection and disposition of tolls and other revenue) or 8117(a)(1) (relating to electronic toll collection), including violation notices issued prior to March 16, 2020, or other law, regulation, ordinance or standard applicable to the toll collection or payment requirements for a tolling entity; or

(ii) incurred unpaid tolls or administrative fees or costs that collectively total a minimum of $250, regardless of the number of unpaid invoices.

(2) Nothing in paragraph (1) shall be construed to limit a tolling entity's ability to recoup unpaid tolls or administrative fees or costs by any means available under the law.

**(b) Notice.--**Prior to notifying the [D]epartment . . . , the tolling entity shall provide the owner or registrant written notice by first class mail of its intent to seek suspension of the vehicle registration under this section and afford the owner or registrant with the opportunity to be heard during an administrative proceeding.

75 Pa.C.S. § 1380. In September of 2023, the Department mailed a notice to Hernandez's address of record indicating that Hernandez had incurred multiple unpaid toll invoices and/or accumulated unpaid tolls such that his vehicle registration privileges would be suspended. *See* Amended PFR at 3 (pagination

2

supplied), ¶¶ 15-16; *see also* Official Notice mailed September 14, 2023 (Suspension Notice), attached as Exhibit 5 to Respondents' Brief In Support of Preliminary Objections; Lancaster County Court of Common Pleas Docket No. CI-23-08135 (Common Pleas Docket).[1]

On November 14, 2023, Hernandez appealed the suspension of his vehicle registration privileges to the Lancaster County Court of Common Pleas (Common Pleas). *See* Amended PFR at 4, ¶ 21; *see also* Appeal from Suspension of Vehicle Registration Privileges (Suspension Appeal), attached as Exhibit 5 to Respondents' Brief In Support of Preliminary Objections; Common Pleas Docket. Although facially untimely, Hernandez indicated in the Suspension Appeal that he did not receive the Suspension Notice until October 22, 2023. *See* Suspension Appeal. Based on this representation, Common Pleas conducted a hearing on the Suspension Appeal on February 8, 2024, and denied the appeal the same day. *See* Common Pleas Docket; *see also* Common Pleas Order dated February 8, 2024 (Suspension Appeal Denial Order). Hernandez did not appeal the Suspension Appeal Denial Order to this Court.

On September 9, 2025, Hernandez filed his Petition for Review In Equity (Original PFR) in this Court, asserting three claims against Respondents: (a) Due Process and Equal Protection violations; (b) unconstitutional delegation and lack of judicial oversight; and (c) discriminatory and financially motivated enforcement. *See* Original PFR at 4-6 (pagination supplied). On September 30, 2025, Hernandez filed the Amended PFR (the current operative filing), which

---

[1] For the purpose of determining the Preliminary Objections, the Court takes judicial notice of the Common Plea Docket and related filings. *See Elkington v. Dep't of Corr.*, 256 A.3d 511 n.4 (Pa. Cmwlth. 2021) (observing that "this Court may take judicial notice of the dockets of other courts of the Commonwealth").

duplicated the claims of the Original PFR and inserted a Notice to Plead and one additional paragraph.[2]  *See* Amended PFR.

On October 28, 2025, Respondents filed the Preliminary Objections, challenging the legal sufficiency of the Amended PFR on several grounds.  *See* Preliminary Objections.   In the Preliminary Objections, Respondents first demur to all the claims contained in the Amended PFR.  *See* Preliminary Objections at 6-13.[3]

---

[2] Along with the Notice to Plead, the Amended PFR duplicated the text of the Original PFR and inserted new paragraph 14, which referred to purported "additional [r]espondents."  *See* Amended PFR at 3, ¶ 14.  The new paragraph 14 reads:

> 14.  Additional [r]espondents, referred to herein as "et al.", include unauthenticated third-party entities and state actors engaged through [the Commission] and [DOT].  These include[,] but are not limited to:
>
> - law enforcement agencies and police officers acting on [Commission]/[DOT] referrals,
> - regulatory enforcement agents, and
> - database or information-system operators (such as JNET, VIPR, or [DOT's] unauthenticated record services).
>
> These additional Respondents, acting in concert with [the Commission] and [DOT], materially contributed to the unconstitutional enforcement actions, denials of due process, and ongoing harm described herein.

Amended PFR at 3, ¶ 14.  Despite the addition of new paragraph 14, however, the caption of the Amended PFR includes no additional respondents.

[3] Specifically, the Preliminary Objections argue that:  (1) Hernandez's equal protection claim fails because the Amended PFR fails to plead facts demonstrating that Section 1380 of the Vehicle Code, 75 Pa.C.S. § 1380, bears no rational relationship to a legitimate state interest, *see* Preliminary Objections at 6-7; (2) Hernandez's due process claim fails as a matter of law because the DOT complied with the notice requirements of the Vehicle Code and Hernandez failed to timely appeal the Suspension Notice, *see* Preliminary Objections at 7-10; and (3) Hernandez failed to plead adequate facts to support his unconstitutional delegation and/or lack of judicial oversight claims, *see* Preliminary Objections at 10-11.

Respondents also claim that the Amended PFR should be dismissed because Hernandez failed to exercise or exhaust a statutory remedy. *See* Preliminary Objections at 13-16. Finally, the Preliminary Objections argue that Hernandez lacks standing to bring the Amended PFR before this Court. *See* Preliminary Objections at 16.

## II. Discussion

Before reaching the Preliminary Objections, we first examine whether this Court has jurisdiction to entertain this action. *See G. R. S. v. Dep't of Hum. Servs.*, 329 A.3d 770, 774 (Pa. Cmwlth. 2025) ("It is a well-established principle that an issue concerning subject matter jurisdiction may be raised and determined at any stage of a proceeding, even by an appellate court *sua sponte.*"). In their brief, Respondents argue:

> Here, [Hernandez] had an available statutory remedy, which he began, and abandoned. According to the [Common Pleas D]ocket, [Hernandez] filed an untimely appeal of his vehicle's registration suspension in [Common Pleas] on November 14, 2023. Notwithstanding the untimely appeal, the Honorable Margaret C. Miller conducted a hearing on February 8, 2024, and denied the appeal on the same day. Accordingly, if [Hernandez] wanted this Court to review the decision, he should have filed an appeal within 30 days of [the Suspension Appeal Denial] Order, or by March 10, 2024. *See* Pa.R.A.P. 1512. [Hernandez], however, waited 19 months, until September 9, 2025[,] to file this action. Accordingly, this Honorable Court should find that [Hernandez's] action is untimely and that the Court lacks original jurisdiction over this matter.

Respondents' Br. at 24 (internal record citation omitted). We agree.

Section 1377 of the Vehicle Code provides:

> **(a) General rule.**--Any person who has been sanctioned by the [D]epartment under this chapter or whose registration or authority to issue registration cards or plates has been denied, suspended[,] or otherwise sanctioned by the [D]epartment shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

75 Pa.C.S. § 1377. The Common Pleas Docket makes clear that Hernandez began the statutory appeal process required by Section 1377 of the Vehicle Code, and Hernandez concedes that he appealed the underlying suspension to Common Pleas. *See* Common Pleas Docket; *see also* Suspension Appeal; Amended PFR at 4, ¶ 21. Common Pleas exercised jurisdiction, conducted a hearing, and entered the Suspension Appeal Denial Order denying relief on February 8, 2024. At that point, Hernandez's exclusive avenue for further review was a timely appeal to this Court in our appellate jurisdiction. Hernandez did not file such an appeal. That failure is dispositive.

Additionally, the record contains no suggestion that Hernandez raised any constitutional issues before Common Pleas, even though he could have done so. *See Marchionni v. Se. Pa. Transp. Auth.*, 715 A.2d 559, 561 (Pa. Cmwlth. 1998) (finding that a trial court properly addressed the constitutional issue of due process in an administrative appeal because "a violation of constitutional dimensions need not necessarily be raised at the administrative level under pain of waiver"). "It is axiomatic that matters not properly raised in, or considered by, the tribunal below cannot be considered on appeal, even though such matters involve constitutional questions." *Green v. Commonwealth*, 445 A.2d 1341, 1343 (Pa. Cmwlth. 1982) (quoting *Amos v. Commonwealth ex rel. Borough of Waynesburg*, 404 A.2d 743, 744 (Pa. Cmwlth. 1979)) (internal quotation marks omitted); *see also Founds. of*

6

*Behavioral Health v. Dep't of Pub. Welfare*, 72 A.3d 848, 853 n.10 (Pa. Cmwlth. 2013) (stating that "when a party fails to raise an issue, even one of a constitutional dimension, in an agency proceeding, the issue is waived and cannot be considered for the first time in a judicial appeal"). Even assuming his constitutional claims were not presented to Common Pleas, Hernandez had a full and fair opportunity to do so. Constitutional issues relating to the suspension process, notice, delegation of authority, or alleged discriminatory enforcement were all available to be litigated in the statutory appeal.

Consequently, while Hernandez now seeks equitable relief in this Court's original jurisdiction, the substance of his Amended PFR reveals that he is challenging the same registration that was previously adjudicated by Common Pleas. In effect, the Amended PFR is nothing more than an untimely appeal to this Court, dressed as an original jurisdiction action. A party may not avoid the jurisdictional consequences of an expired appeal deadline by recasting an appellate challenge as an original jurisdiction action.

### III. Conclusion

For the foregoing reasons, we conclude that this Court lacks jurisdiction and therefore dismiss the Amended PFR with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gabriel Benito Robert Hernandez,    :
                    Petitioner    :
                                      :
              v.                   :
                                        :
Pennsylvania Turnpike Commission    :
and Pennsylvania Department of        :
Transportation,                   :     No. 353 M.D. 2025
                    Respondents    :

## **O R D E R**

AND NOW, this 12th day of August, 2026, the Amended Petition for Review In Equity filed by Gabriel Benito Robert Hernandez is DISMISSED WITH PREJUDICE.

_____
CHRISTINE FIZZANO CANNON, Judge